UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X
JENNIFER ROMERO,

                                                     Plaintiff,

           -against-

P.O. RYAN COURTEN (TAX REG. #948818) and
CITY OF NEW YORK,

                                                     Defendants.
-----------------------------------------------------------------------------X

(Jury Trial Demanded of all issues)

**COMPLAINT**

CV No.: _____

The Plaintiff JENNIFER ROMERO, by his Attorney GARNETT H. SULLIVAN, ESQ., complaining of the Defendants alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff seeking relief for the defendant's violation and deprivation, under the color of State law of plaintiff's rights secured by the Fourth and Fourteenth amendments of the New York and United States constitutions and under common law and is being brought pursuant to 42 U.S.C. §1983.

2. Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and equitable. A jury trial is demanded

## JURISDICTION

3. Jurisdiction is based upon and conferred to this Court by 42 U.S.C. §1983 and 28 U.S.C. §§ 1331 and 1343(3) and (4). Plaintiff further invokes this Court's pendent jurisdiction, pursuant to 28 U.S.C. §1367. Plaintiff further invokes this Court's pendent jurisdiction, pursuant to 28 U.S.C. §1367 (a) with

respect to any and all State law claims and against all parties that are so related to the claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

## PARTIES

4. At all times hereinafter mentioned plaintiff JENNIFER ROMERO was and still is a citizen of the United States and a resident of the state of New York, County of Queens.

5. That at all times hereinafter mentioned defendant P.O. RYAN COURTEN Was a citizen of the United States. Was employed as a police officer employed by defendant CITY OF NEW YORK, who is being sued individually and in his official capacity.

6. Defendant CITY OF NEW YORK At all times hereinafter mentioned was and still is a municipal organization organized pursuant to the laws of the state of New York, which operates, manages, directs, and controls the New York City Police Department which employed defendant P.O. RYAN COURTEN as a police officer.

## FACTUAL ALLEGATIONS

7. That on or about May 25, 2018 Shortly before 5:00 AM plaintiff was a guest at a home located at 32-31 99th Street, in the County of Queens, City and State of New York.

8. While plaintiff was sleeping on a sofa inside the aforementioned premises, she was awakened by loud, alarming banging sounds.

9. Very shortly thereafter plaintiff confronted by defendant and other police officers employed by defendant CITY OF NEW YORK acting within the scope of their employment as police officers, who handcuffed, searched and arrested plaintiff.

10. Plaintiff was subsequently removed to a precinct where she was detained by defendants for numerous hours and was eventually taken to Queens Central Booking where defendants continued to detain plaintiff for several hours until she was released from custody by a judge at the Criminal Court of the City of New York, County of Queens at approximately 1:00 AM on May 26, 2018.

11. The defendant falsely and wickedly arrested, accused and charged plaintiff with the class "C" felony crime of criminal possession of marijuana, first degree under Penal Law §221.30, Criminal possession of a weapon, second degree, a class "C" felony under Penal Law §265.03, Criminal possession of a firearm pursuant to Penal Law §265.01(B) As a class "E" felony offense, criminal possession of stolen property (firearms), fourth degree, a class "E" felony [Penal Law §165.45(4)], and a misdemeanor charge of criminal use of drug paraphernalia [Penal law §2256.50(3)].

12. That at the time defendant arrested, accused, and charged plaintiff of the aforementioned crimes defendant knew that plaintiff was wholly innocent of such crimes and that he did not have probable or reasonable cause to arrest, accuse or charge plaintiff with such crimes.

13. That defendant knew full well plaintiff did not exercise actual or constructive possession of any of the contraband alleged or even knowledge of the existence of the items and was aware that plaintiff was merely a guest at the premises.

14. Defendant was very well aware of the identity of the person who actually possessed, controlled and owned the contraband recovered in the execution of the search warrant at the premises based upon information provided by a confidential informant that the defendant and the New York City Police Department deemed reliable and provided such information to the court in an affidavit in support of the warrant.

15. That the defendant in arresting and charging plaintiff for the crimes of which she was accused acted in accordance with and pursuant to custom, policy and practice of the New York City Police Department of arresting and charging all persons present upon the premises whenever it executes a search warrant and contraband is found, despite the fact that they have no evidence, information or nexus between the persons arrested and the contraband found.

16. That defendant falsely claimed in police reports including the arrest report that the plaintiff "was found in possession of a loaded .45 cal. Taurus firearm, serial #NBVGG133, Large quantity of marijuana and drugs paraphernalia."

17. The defendant knew that such information was false but nevertheless submitted these fabricated police reports to the Queens County District Attorney's office for the sole purpose of prosecuting plaintiff for crimes which defendant knew full well that plaintiff did not commit.

18.     That as a result of the forwarding of such false, fabricated and concocted information to the prosecutor, plaintiff was prosecuted and subject to criminal proceedings together with all its stigma, burdens and inconvenience, until January 29, 2020 when the case was adjourned in contemplation of dismissal and eventually dismissed six months later.

19.     That as a result of all of the foregoing plaintiff suffered loss of freedom, mental and emotional distress, physical discomfort, shame, embarrassment, humiliation, and psychological scarring, as well as other damages.

## FIRST CLAIM
## (False Arrest – 42 U.S.C. §1983)

20.     The plaintiff repeats, realleges each and every allegation set forth in the previous paragraphs as though fully set forth at length herein.

21.     That defendant COURTEN acting as a police officer employed by defendant CITY OF NEW YORK acting under color of state law and without probable cause, justification, or privilege, subjected plaintiff to arrest despite not having a reasonable cause to believe plaintiff had committed any crime.

22.     That the arrest of plaintiff by defendant along with several other police officers, whose names are unknown, subjected plaintiff to confinement. Plaintiff was conscious of confinement, did not consent to the confinement, and the confinement was not otherwise privileged.

23.     By reason of the aforesaid false arrest and imprisonment, caused willfully and malicious by defendants, their agents, servants and employees, plaintiff was wrongfully deprived of her rights, privileges and benefits provided to her under the constitution of the United States constitution including the Fourth and Fourteenth Amendments, plaintiff was caused to be subjected to great discomfort, loss of liberty, significant indignities, scorn, humiliation, mental and emotional distress and prevented from attending to her usual activities.

24.     That the defendants committed the foregoing acts willfully, maliciously, and in utter disregard of plaintiff's rights and is therefore liable to plaintiff for compensatory and punitive damages.

## SECOND CLAIM

### (Fabrication of Evidence – 42 U.S.C. §1983)

25. Plaintiff repeats, reiterates, and re-alleges Each and every allegation set forth in the preceding paragraphs as though fully set forth at length herein.

26. That defendant COURTEN falsified, concocted, and fabricated false police reports and forwarded such false information and evidence to the Queens District Attorney's office that defendant knew was likely to influence a jury to find plaintiff guilty.

27. That a determination of this claim in favor of plaintiff will in no way invalidate any prior conviction of plaintiff in regard to occurrence complained of.

## THIRD CLAIM

### (Conspiracy – 42 U.S. C. §1983)

28. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth in the preceding paragraphs as though fully set forth at length herein.

29. That the defendant and other police officers, in accordance with the custom and practice of the Police Department of the defendant CITY OF NEW YORK, who participated in the execution of the search warrant all jointly and severally entered into an agreement to falsely arrest and charge plaintiff with the crimes heretofore mentioned despite the fact that they were all aware that plaintiff had committed not such crimes.

30. In furtherance of said agreement the defendant and his fellow police officers actually falsely arrested and charged plaintiff with crimes they knew she had not committed.

31. That the agreement between the defendant police officers constituted a conspiracy which resulted in the plaintiff being deprived off her Fourth and Fourteenth Constitutional rights.

## FOURTH CLAIM

## (Municipal Liability – 42 U.S.C. §1983)

32.     Plaintiff repeats, reiterates, and re-alleges all the allegations set forth in the preceding paragraphs as though fully set forth at length herein.

33.     That all times material to this complaint, defendant CITY OF NEW YORK through its Police Department (New York City Police Department) Had in effect de facto policies, practices, customs and usages which were a direct and proximate cause of deprivation of plaintiff's constitutional rights by defendant COURTEN and other members of the New York Police Department.

34.     That defendant CITY OF NEW YORK for many years have maintained a de facto policy, custom practice and usage of arresting all persons present in premises where a search warrant is executed and illegal contraband is found, despite the fact that there is no evidence that all those persons possessed the illegal items and having information that a particular person actually owned and possessed them.

35.     That this longstanding practice of arresting persons who the police know are innocent merely because they are present at the premises when the search warrant was executed constitutes a gross violation of such persons, including plaintiff's, Fourth Amendment Constitutional rights.

36.     The aforementioned customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department Included but not limited to arresting persons without probable cause, providing false information to prosecutors, falsifying police reports and testifying falsely under oath.

37.     The defendant CITY OF NEW YORK, failed to effectively screen, hire, train, supervise and discipline its police officers and employees, including the defendant police officers and employees herein, for their ability to conduct proper and truthful police work, for their ability to investigate properly and for their ability to determine probable cause.

38.     The existence of each de facto policies and/or well-settled and widespread customs and practices has been known to supervisory and police-making officers and officials of the Police Department and the CITY OF NEW YORK For a substantial period of time.

39.     Upon information and belief, despite knowledge of such illegal de facto policies and practices, the supervisory and police-making officers and officials of the Police Department and the CITY OF NEW YORK have not taken adequate steps to terminate these policies and practices, Have not disciplined individuals who engaged in such practices, or otherwise properly trained police officers with regard to the constitutional and statutory limits on the exercise of their authority, and have instead sanctioned and ratified these policies, customs and practices through their deliberate indifference to or negligent disregard of the effect of said policies, customs and practices upon the constitutional rights of persons in the city of New York.

40.     Defendant NYC as well as unidentified police officers who were supervisors and final decision makers as a matter of policy and practice, have with deliberate indifference failed to properly train, discipline, sanction and retrain police officers, despite their knowledge of the recuring problem of violations of the constitutional rights of citizens by seizing persons without probable cause, falsely arresting persons, falsifying official records etc., and in so failing, the defendant NYC has caused, encouraged, condoned and allowed the defendants in this case to engage in the aforementioned unlawful conduct without fear of consequences for their illegal acts which did cause the plaintiffs to be subjected to deprivations of their civil rights.

41.     That the defendant municipality, NYC, alerted to the existence of a significant number of falls arrests by its police officers, by repeated complaints, a false arrest, exhibited deliberate indifference there too in that it was obvious to NYC that there was a need for more and/or improved supervision of police officers in order to protect against constitutional violations and in spite of repeated complaints of civil rights violations, there have been no meaningful attempts on the part of NYC to investigate or forestall further incidents.

42.     That the defendant municipality has also been alerted to the use of malicious prosecution brought by its employee officers to cover up the false arrests and unlawful seizures by its police officers, and that the culture of bringing such false charges and malicious prosecuting victims of NYPD false arrest has been allowed to exist without representations to the officers who engage in such behavior.

43.     Moreover, the action of the individual defendants resulted from and were taken pursuant to a de facto policy and/or well-settled and widespread custom and practice off the city of New York, which is implemented by police officers offset city. When officers demand a confession from a suspect and if not provided officers arrest innocent persons to coerce and punish not only the suspect but moreso, innocent family members - all without probable cause thereto. Where the upward mobility of the officers within

ranks is accomplished by the sheer number of arrests. This conduct is open and notorious and frequently implemented in both weapons and drug arrests and prosecutions. This is a well-established practice and custom of the defendant NYC Police Department which has been the subject of a voluminous number of civil rights actions.

44. The existence of such de facto policies and/or well-settled and widespread custom and practices have been known to supervisory and police-making officers and officials of the Police Department of the city of New York for a substantial period.

45. Each and every year, thousands of civil rights actions alleging false arrest and unlawful imprisonment by police officers are brought and "settled" by the defendant NEW YORK CITY. Each year, the defendant, NEW YORK CITY spends millions of dollars to settle and/or satisfy said actions.

46. The defendant City has rather than correct and rectify these unconstitutional abuses by its police force it would rather permit said abuse is to continue as a "cost of doing business". defendant city has made a conscious - ill-advised decision to allow the status quo to continue and allow the police to police themselves, thereby resulting in multitudes of civil rights violations and abuses.

47. Upon information and belief, and without limiting the foregoing, the CITY OF NEW YORK has specifically failed to terminate said practices in the following manner:

(a) Has failed to properly train, instruct, and discipline police officers with regard to the existence of probable cause;

(b) Has failed to properly train, instruct, and discipline police officers with regard to falsifying police reports and providing misleading information to prosecutors;

(c) Has failed to properly train, instruct, and discipline police officers with regard to testifying falsely under oath;

(d) Has failed to properly train, instruct, and discipline supervising officers with regard to proper review of evidence and status reports on said cases;

(e) Has failed to properly instruct, and discipline police officers that arresting innocent family members without probable cause to either coerce a confession from a suspect defendant, or punish the suspect defendant is both improper police procedure as well as a violation of constitutional rights;

(f) Has permitted police officers to maintain the "blue wall of silence" and to conceal and fail to report the misconduct of other police officers;

(g) Has structured procedures and standards at the Civilian Complaint Review Board, the Office of Chief of Department, and Internal Affairs in such a manner that an officer's denial of the charges is ordinarily sufficient to remove the threat of any discipline or restraint upon the officers conduct and to prevent any objective review of the officer's conduct.

(h) Has failed to require police officers to accept independent and objective review of civilian complaints and imposition of discipline;

(i) Has failed to properly structure the Police Department to review and discipline the existence of unlawful conspiracy by defendant officers.

48. Defendant CITY OF NEW YORK is directly liable and responsible for the acts of defendants because it has repeatedly and knowingly failed to properly supervise, train and discipline said officers and because it repeatedly and knowingly failed to enforce the rules and regulations of the New York City Police Department and the laws of the state of New York and the United States.

49. The knowing and repeated failure of the defendant CITY OF NEW YORK to properly supervised, train and discipline said officers actually caused the injuries the plaintiff alleged herein.

50. Upon information and belief, defendant CITY OF NEW YORK knew or should have known that the acts alleged herein would deprive plaintiffs of their rights without due process of law, in violation of the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution and Article 1, §§1,6,8,9, 11 and 12 OF the constitution of the State of New York, including, without limitation, such rights as plaintiff's rights to freedom from loss of liberty, freedom of speech, rights to petition for redress of grievances, right to due process, and the right to equal protection of the laws.

51. As a result of the foregoing conscious policies, practices, customs and/or usages, defendant CITY OF NEW YORK has permitted and allowed the employment and retention of individuals as police officers, servants, and employees whose individual circumstances place the public or segments thereof at substantial risk of being the victims of unlawful and/or unreasonable behavior.

**WHEREFORE**, plaintiff demands the following relief against defendants, jointly and severally:

    A.    Compensatory damages
    B.    Punitive damages
    C.    Costs, interests, disbursements and attorney's fees
    D.    Such other and further relief as the Court deems proper.


Dated: South Hempstead, New York       /s/ Garnett H. Sullivan
      February 8, 2021       **GARNETT H. SULLIVAN, ESQ.**
      **Attorney for Plaintiff**
      1080 Grand Avenue
      South Hempstead, NY 11550
      (516) 285-1575
      garnettsullivan@yahoo.com