UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Jennifer Romero,

                 Plaintiff,              **MEMORANDUM & ORDER**
                                                                   21-CV-00671 (DG) (TAM)

    -against-

P.O. Ryan Courten and City of New York,

                 Defendants.
------------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

      On July 30, 2024, Magistrate Judge Taryn A. Merkl issued a Report and Recommendation ("R&R") recommending that Defendants' Motion for Summary Judgment, ECF No. 45, be denied as to Plaintiff's false arrest claim and granted as to Plaintiff's claims for fabrication of evidence and municipal liability. *See* R&R at 28, ECF No. 47.[1]

      On August 13, 2024, Defendants filed objections to "the portion of the R&R recommending that dismissal of the false arrest claim be denied." *See* Objections to R&R ("Defs.' Obj. Br.") at 1, ECF No. 48. Defendants argue that there was probable cause to arrest Plaintiff, *see* Defs.' Obj. Br. at 2-7 (arguing, *inter alia*, that "[d]isregarding plaintiff's belated and unsupported allegations of evidence planting, the record evinces that Officer Courten observed a plastic bag [of] marijuana, in plain view, in the basement area where plaintiff was located" and that the marijuana located in the back room also gave Defendant Courten probable cause to arrest Plaintiff), and that Defendant Courten is entitled to qualified immunity, *see* Defs.' Obj. Br. at 7-8 (arguing, *inter alia*, that the R&R failed to address Defendants' argument that the law surrounding constructive possession is not clearly established and that the R&R failed to

---

[1] Familiarity with the procedural history and background of this action is assumed herein.

take into account that the standard for arguable probable cause is lower than that of actual probable cause).

Plaintiff did not file any objections to the R&R but did file a response to Defendants' objections. *See* Plaintiff's Response to Defendants' Objections, ECF No. 49 (arguing that a genuine issue of fact exists with respect to Defendants' claimed plain view presence of marijuana on the console; that the evidence does not indisputably establish that Plaintiff had constructive possession of marijuana in the basement back room; and that Defendant Courten is not entitled to qualified immunity, and urging the Court to adopt the findings and recommendations of the R&R).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (providing that a district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to"); *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010) ("As to a dispositive matter, any part of the magistrate judge's recommendation that has been properly objected to must be reviewed by the district judge *de novo*."); *Lorick v. Kilpatrick Townsend & Stockton LLP*, No. 18-CV-07178, 2022 WL 1104849, at *2 (E.D.N.Y. Apr. 13, 2022). To accept those portions of an R&R to which no timely objection has been made, however, "a district court need only satisfy itself that there is no clear error on the face of the record." *Lorick*, 2022 WL 1104849, at *2 (quoting *Ruiz v. Citibank, N.A.*, No. 10-CV-05950, 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014)); *see also Jarvis v. N. Am. Globex Fund, L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011).

In light of Defendants' objections to the R&R, the Court reviews *de novo* the portion of the R&R recommending that Defendants' Motion for Summary Judgment be denied as to Plaintiff's false arrest claim. A review of the R&R, the applicable law, and the record reveals that Judge Merkl properly concluded (1) that Defendants have not established that there was probable cause to arrest Plaintiff for the marijuana on the console table as a matter of law; (2) that Defendants have not established that there are no disputed issues of material fact as to whether there was probable cause to arrest Plaintiff for the marijuana in the back room; and (3) that Defendant Courten has not established that he is entitled to qualified immunity as a matter of law. *See* R&R at 6-21; *see also Zellner v. Summerlin*, 494 F.3d 344, 368 (2d Cir. 2007) ("If there is no dispute as to the material historical facts, the matter of whether the officer's conduct was objectively reasonable is an issue of law to be determined by the court. If there is such a dispute, however, the factual questions must be resolved by the factfinder." (alteration accepted) (citations and quotation omitted)). Accordingly, the Court adopts the portion of the R&R recommending that Defendants' Motion for Summary Judgment be denied as to Plaintiff's false arrest claim.

Because no party has objected to the remainder of the R&R, the Court's review of the remainder of the R&R is for clear error. Upon clear error review, the Court adopts the remainder of the R&R.

In sum, the Court adopts the R&R in its entirety. Accordingly, Defendants' Motion for Summary Judgment, ECF No. 45, is GRANTED in part and DENIED in part as set forth in the R&R.

The parties are referred to Judge Merkl for a settlement conference and should contact her chambers in accordance with her Individual Practice Rules by September 23, 2024.

SO ORDERED.

                                                */s/ Diane Gujarati*
                                                DIANE GUJARATI
                                                United States District Judge

Dated:  September 16, 2024
           Brooklyn, New York